UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LAURA GENS,   No. 13-50106

　　　　　Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

　　　　This Chapter 11 case was filed on January 8, 2013, but has a much longer history. Its story begins on May 21, 2010, when Gens filed her first of three Chapter 11 cases. In that case, Gens represented that she had only two creditors, Wells Fargo Bank and Colonial Savings. Gens was involved in litigation with both.

　　　　After more than two years in Chapter 11, Gens' first case was dismissed on June 26, 2012, because she was unable as a matter of law to obtain confirmation of a Chapter 11 plan. Section 1129(a)(10) of the Bankruptcy Code provides that if a class of creditors is impaired by a plan, there must be one class of impaired creditors accepting the plan, without considering insiders. Since Gens could not propose a plan which left both her creditors unimpaired, and since neither creditor, after prevailing against Gens in litigation she brought against them, would consider accepting her plan, confirmation was impossible.

　　　　Less than two months after dismissal of her first case, Gens was back again. The case was

1

assigned to the same judge who had heard the first case. This second case was quickly dismissed when the court denied Gens' request to continue the automatic stay.

Gens waited three months and four days to file this case, her third Chapter 11, on January 8, 2013. In this case, Gens represented that she now had two unsecured creditors, raising at least the possibility of plan confirmation over the objections of Wells Fargo and Colonial. The case was assigned to a different judge, who oversaw it until it was assigned to the undersigned due to the announced retirement of the prior judge.

On April 29, 2013 - more than two years ago - the U.S. Trustee moved the court to dismiss this case. The U.S. Trustee cited as cause the two prior cases and Gens' failure to provide reasonable information or file monthly operating reports, which are required by B.L.R. 2015-2(a)(1). The motion first came on for hearing on June 28, 2013, and has been continued for various times ever since then. The U.S. Trustee now requests a ruling on her motion, which she is entitled to have promptly pursuant to § 1112(b)(3) of the Code.

The record shows that Gens has been entirely cavalier in meeting her operating report obligations. The operating reports for March and April of 2013 were filed very late and only after the U.S. Trustee's motion. Many reports were thereafter were filed late, if they were filed at all. Reports for February through June of this year were filed all together on July 21, 2015, just three days before the hearing.

A motion to dismiss is not a discovery device, mooted if there is eventual compliance, no matter how belated. Section 1112(b)(1) is mandatory, and provides that the court shall dismiss or convert a Chapter 11 if cause is present. Pursuant to § 1112(b)(4)(F), cause includes the unexcused failure to satisfy timely any reporting requirement established by any rule applicable to the case. Despite the passage of two years, Gens has failed to demonstrate any valid excuse for her delinquent operating reports; she has certainly had enough experience in Chapter 11 to know the ropes. Moreover, the statute includes the word "timely," making late reports as much cause as no reports.

Section 1112(b)(2) provides that even if the court finds cause, a case need not be dismissed if

2

the debtor establishes that there was reasonable justification for the omission and a reasonable likelihood that a plan will be confirmed within a reasonable time. The burden of making these showings is squarely on the party opposing dismissal. *In re McTiernan,* 519 B.R. 860, 864 (Bankr.D.Wyo. 2014); *In re Orbit Petroleum, Inc*., 395 B.R. 145, 148 (Bankr.D.N.M.2008). Gens has shown neither.

While failure to file operating reports might be excusable early on in the case where the debtor is unfamiliar with the reporting requirements, there can be no excuse for late reports years into the case and with a motion for dismissal on just those grounds pending. Gens certainly has not established any excuse.

Gens has also failed to demonstrate that there is a reasonable likelihood that she can confirm a plan within a reasonable time. She has been in Chapter 11 off and on for five years without obtaining confirmation of a plan. The record reflects that she has engaged in considerable litigation with both Wells Fargo and Colonial over the years, and has lost every time. In this case, she filed a plan on January 13, 2014, but has yet to have it confirmed. Nothing in the record indicates a reasonable likelihood of confirmation within a reasonable time.

Moreover, it is highly dubious that Gens could ever meet the good faith requirement for confirmation contained in § 1129(a)(3). After learning that she had no class of creditors other than Wells Fargo and Colonial to accept her plan, Gens came up with two alleged unsecured creditors. Given only a few months between filings, Gens could never show good faith if she incurred a debt, knowing she would be filing a bankruptcy case, just to meet the requirements of § 1129(a)(10). See *In re L & J Anaheim Assoc.,* 995 F.2d 940, 943n2 (9th Cir. 1993); *In re Hotel Assocs. of Tucson*, 165 B.R. 470, 475 (9th Cir.BAP1994).

For the foregoing reasons the motion of the U.S. Trustee will be granted and this case will be dismissed. The court would make the dismissal effective immediately except that Wells Fargo has requested that dismissal be with a bar to refiling, a reasonable request given the history of this case. However, since such a prayer was not included in the U.S. Trustee's motion the court will make

3

dismissal effective August 24, 2015, and will consider motions to include a bar to refiling heard before that time. Time for notice of such motions is shortened to 10 days.

Counsel for the U.S. Trustee shall submit an appropriate form of order.

Dated: July 24, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge