UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LAURA GENS,                                                 No. 13-50106

                Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

      This Chapter 11 case was filed on January 8, 2013, but has a much longer history. It began on May 21, 2010, when Gens filed her first of three Chapter 11 cases. In that case, Gens represented that she had only two creditors, Wells Fargo Bank and Colonial Savings. Gens was involved in litigation with both. The case was assigned to Bankruptcy Judge Charles Novack.

      After more than two years in Chapter 11, Judge Novack dismissed Gens' first case on June 26, 2012, because she was unable as a matter of law to obtain confirmation of a Chapter 11 plan. Less than two months after dismissal of her first case, Gens filed a second Chapter 11 petition. The case was again assigned to Judge Novack. This second case was quickly dismissed when Judge Novack denied Gens' request to continue the automatic stay pursuant to § 362(c)(3)(B) of the Bankruptcy Code.

      Gens waited three months and four days to file this case, her third Chapter 11, on January 8, 2013. This time the case was assigned to Bankruptcy Judge Arthur Weissbrodt.

1

On March 11, 2013, Judge Weissbrodt entered an order that there was no automatic stay in effect pursuant to § 362(c)(4)(A)(I) of the Code, as the filing was the third within a year. However, on April 10, 2013, Judge Weissbrodt granted Gens' motion to impose a stay on Wells Fargo pursuant to § 362(c)(4)(B). Judge Weissbrodt imposed strict payment terms on Gens as to creditor Wells Fargo, which Gens repeatedly violated over the next two years. Judge Weissbrodt also imposed a special stay on Colonial. Upon Judge Weissbrodt's announcement of retirement, the case was reassigned to the undersigned.

On April 29, 2013, the U.S. Trustee moved the court to dismiss this third case. On July 29, 2015, the undersigned granted the motion. Wells Fargo then asked the court to bar Gens from refiling. Since the U.S. Trustee had not prayed for such relief, the court shortened time so that the request could be heard before the effective date the dismissal. This request for a bar to refiling is now before the court. Colonial has joined in the request.

A dismissal order that bars subsequent filings is permitted by § 105(a) upon dismissal of a case filed in bad faith. *In re Lee,* 467 B.R. 906, 918 - 19 (6th Cir.BAP 2012). However, such a sanction is warranted only by egregious misconduct. *In re Tomlin,* 105 F.3d 933, 937 (4th Cir.1997); *In re Marshall*, 407 B.R. 359, 363 (8th Cir.BAP 2009). While the court agrees with Wells Fargo that Gens' conduct in filing this third case was egregious, given the two prior dismissals by Judge Novack within less than seven months, Judge Weissbrodt did not see it that way. Section 362(c)(4)(B) provides that the court may impose a stay in a third case filed within a year "only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." By granting Gens' motion to impose the automatic stay in this case Judge Weissbrodt implicitly found it to be filed in good faith.

The fact that the undersigned would not have granted the motion, or that Judge Novack declined to grant essentially the same motion in the second case, cannot undo Judge Weissbrodt's order in this case. The law of this case is that it was filed in good faith. The grounds upon which the court granted the U.S. Trustee's motion were that Gens had been in Chapter 11 for five years without

2

being able to reorganize and had violated her obligations as debtor in possession by failing to file required reports. While these grounds certainly require dismissal of this case, they do not justify a bar to refiling without a finding that this case was filed in bad faith. The court is precluded from such a finding by Judge Weissbrodt's imposition of the automatic stay on Wells Fargo.

For the foregoing reasons, the court does not feel at liberty to impose a bar to refiling, even though it is certain that Gens will file a fourth futile Chapter 11 petition soon after this case is dismissed. Accordingly, Wells Fargo's motion to impose a bar will be denied. Counsel for Gens shall submit an appropriate form of order.

Dated: August 17, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge